IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| ALAN MARTINEZ, § | | |
| TDCJ ID No. 1381288, § | | |
| SID No. _____, § | | |
| § | | |
| Plaintiff, § | | |
| § | CIVIL ACTION NO. | |
| v. § | 5:13-CV-00286-C | |
| § | | |
| MARICELA GARZA, *et al.*, § | | |
| § | | |
| Defendants. § | ECF | |

**ORDER**

Plaintiff Alan Martinez, acting *pro se*, filed a complaint pursuant to 42 U.S.C. § 1983 on December 16, 2013, and paid the filing fee. Plaintiff alleges that the named defendants used excessive force against him in violation of the Eighth Amendment on or about April 26, 2013, when he was incarcerated in the Texas Department of Criminal Justice ("TDCJ") Preston Smith Unit in Lamesa, Texas.

By Order dated February 5, 2014, the complaint was transferred to the docket of the United States Magistrate Judge for judicial screening pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A. The Magistrate Judge conducted an evidentiary hearing pursuant to *Spears v. McCotter*, 766 F.2d 179, 181-82 (5th Cir. 1998) on April 15, 2014, and ordered the Defendants to file an answer or responsive pleading by Order dated May 6, 2014.

Defendant Maricela Garza filed a Motion to Dismiss for Failure to State a Claim Pursuant to Federal Rule of Civil Procedure 12(b)(6) on June 9, 2014, and a Notice of Initial Disclosures on July 9, 2014. Defendants Nathaniel Chavez and Bryson McIntire filed an Original Answer and Jury Demand on June 9, 2014, and Defendants Joseph Felan and Kimberly Williams filed an Original

Answer and Jury Demand on July 25, 2014. Defendant Christopher Sanchez is no longer employed by the TDCJ, he has not been served, and he has not filed an answer or responsive pleading.

Although instructed to return the complaint to this Court "within 120 days" from February 5, 2014, if the Plaintiff and the Defendants did not consent to the jurisdiction of the Magistrate Judge, the Magistrate Judge did not file a Report and Recommendation until March 13, 2015, over 365 days after February 5, 2014. Although the Plaintiff consented to the Magistrate Judge's jurisdiction on April 18, 2014, none of the Defendants have consented to the Magistrate Judge's jurisdiction. When the Magistrate Judge filed the Report and Recommendation, the following motions were pending:

   (1)   Defendant Maricela Garza's Motion to Dismiss for Failure to State a Claim Pursuant to Federal Rule of Civil Procedure 12(b)(6), filed on June 9, 2014;

   (2)   Plaintiff Martinez's "motion" requesting to seal the addresses of his witnesses and issue subpoenas for his witnesses, filed on October 14, 2014;

   (3)   Plaintiff Martinez's second "motion" requesting that a witness be subpoenaed and requesting a "preliminary injunction and temporary restraining order," filed on November 17, 2014; and

   (4)   Plaintiff Martinez's "Motion for Privacy for Filings Made with the Court," filed on December 22, 2014.

In the Report and Recommendation, the Magistrate Judge discussed Defendant Garza's Rule 12(b)(6) Motion to Dismiss and recommended that this Court deny the motion. The Magistrate Judge did not discuss any of the other pending motions or make any recommendations regarding the 4 defendants who had filed an answer or the 1 defendant who has not been served or filed an answer. Plaintiff filed objections to the Report and Recommendation on March 27, 2015.

The undersigned District Judge has made an independent examination of the record in this case and finds that the Magistrate Judge's recommendation to deny Defendant Garza's Motion to Dismiss should be ADOPTED.

As for Defendant Christopher Sanchez, the Court notes that on October 24, 2014, the Magistrate Judge found that the United States Marshal had been unable to personally serve process on Defendant Sanchez because he was no longer employed by the TDCJ and he was not located at the address provided under seal by the Officer of the Attorney General for the State of Texas. Plaintiff Martinez was then instructed that it was his responsibility to provide the Court with the location and address of Defendant Sanchez within thirty (30) days from October 24, 2014. Plaintiff was specifically admonished that the failure to provide sufficient information so that Defendant Sanchez could be served would result in the *sua sponte* dismissal of Defendant Sanchez. By Order dated December 12, 2014, Plaintiff was given an additional thirty (30) days from the date of the Order to provide Defendant Sanchez's current address. Although the United States Marshal attempted to serve Defendant Sanchez on January 6, 2015, the summons was returned unexecuted because Defendant Sanchez no longer resided at the address provided. As of this date, Plaintiff has failed to provide a current address for Defendant Christopher Sanchez and said Defendant should be dismissed from this civil action without prejudice. *See* Fed. R. Civ. P. 4(m) ("If a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant . . . .").

As for Plaintiff's three motions requesting that the addresses of his witnesses, including his mother and other TDCJ inmates, be sealed, such motions should be denied. To the extent that

Plaintiff is requesting that the named witnesses be subpoenaed for trial, his request should be denied without prejudice and all discovery should be stayed until further order of this Court.

Finally, to the extent that Plaintiff has requested an injunction and/or temporary restraining order in the "motion" filed on November 17, 2014, the Court has considered the request and finds that it should be denied. In the motion, Plaintiff contends that some of the Defendants are "retaliating" against him for filing the instant civil action and he requests that they be "restrained" from retaliating or, in the alternative, that the officers be transferred to a TDCJ unit other than the Smith Unit. The Court first notes that Plaintiff Martinez is no longer incarcerated in the Smith Unit; on November 6, 2014, he notified the Court that he had been transferred to the TDCJ Telford Unit in New Boston, Texas. Second, the Court notes Plaintiff has not demonstrated (1) there is a likelihood of success on the merits of his case; (2) a substantial threat of irreparable injury; (3) that the threatened injury outweighs any harm that will result if the injunction/restraining order is granted; and (4) that the grant of the injunction/restraining order will not disserve the public interest. *Trottie v. Livingston*, 766 F.3d 450, 452 (5th Cir. 2014). Accordingly, his request for an injunction and/or a temporary restraining order should be denied.

It is, therefore, **ORDERED**:

1. Defendant Maricela Garza's Motion to Dismiss for Failure to State a Claim Pursuant to Federal Rule of Civil Procedure 12(b)(6) is DENIED.

2. Defendant Maricela Garza shall file a written answer within thirty (30) days from the date of this Order.

3. Defendant Christopher Sanchez is dismissed without prejudice.

4. Plaintiff Martinez's "motions" filed on October 14, November 17, and December 22, 2014, are denied in all things.

5. All discovery is stayed until further order of this Court.

Judgment shall be entered accordingly.

Plaintiff is admonished that frivolous pleadings consume an inordinate amount of scarce judicial resources and may result in the imposition of sanctions, which may include monetary sanctions.

Dated March __31__, 2015.

_____
SAM R. CUMMINGS
Senior United States District Judge